## STATE v. BOHANON.

(Filed December 18, 1906).

*Jurors—Challenges—Findings of Fact—Homicide—Dying Declarations—Confessions.*

1. An exception to the ruling of the Court as to the competency of a juror is without merit where he stated that notwithstanding he had formed and expressed an opinion that the defendant is guilty, he was yet satisfied that he could decide fairly and impartially as between the State and the defendant, and the Court found that he was indifferent, the finding as to indifferency not being reviewable.

2. Where a party did not exhaust his peremptory challenges, an objection to a juror, who could have been rejected peremptorily, is not available.

3. In an indictment for murder, the statement of the deceased after he was shot, that "I do not know what my wife and children will do. I begged Frank (defendant) to go along and let me alone," was competent as a dying declaration, where deceased said that he was dying and there was other sufficient evidence tending to show

that he knew he was *in extremis* and he died within two hours after the conversation.

4. Evidence of confessions made by the prisoner, after he was arrested was competent, where the Court found that no promise was made to induce him to make the confessions, and that no threat was used to extort them and there is nothing to indicate that they were not entirely voluntary.

5. Where a defendant did not ask for any additional instructions, he cannot complain that the Court did not present to the jury his contentions.

INDICTMENT for murder against Frank Bohanon and others, heard by *Judge B. F. Long* and a jury, at the September Special Term, 1906, of the Superior Court of GUILFORD.

The defendant, with Kiser Crutchfield and Oscar Crutchfield, was indicted for the murder of R. E. Beacham, on July 31, 1906. He and Kiser Crutchfield were convicted of murder in the first degree, and Oscar Crutchfield was acquitted. The defendant, Bohanon, alone appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*G. S. Bradshaw* for the defendant.

WALKER, J., after stating the case: We have carefully examined the testimony in this case and find it sufficient to sustain the conviction of the defendant, though no objection was distinctly made that there was no evidence to warrant the verdict. There are seven errors assigned as having been committed in the rulings of the Court at the trial, and they will be considered in their order.

The defendant objected to C. C. Townsend as a juror, upon the ground that he had formed and expressed the opinion that the defendant is guilty. The Court, after hearing the evidence bearing upon this objection, found that the juror was indifferent, and overruled it. The juror was sworn and served. We do not see how this ruling can now be made the subject of an exception. The juror stated that notwith-

standing he had formed and expressed an opinion that the defendant is guilty, he was yet satisfied that he could decide fairly and impartially as between the State and the defendant, and the Court found upon the evidence that he was indifferent. The findings of fact, as to indifferency, have been held not to be reviewable in this Court. *State v. Ellington,* 29 N. C., 61; *State v. Collins,* 70 N. C., 241; *State v. Kilgore,* 93 N. C., 533; *State v. Potts,* 100 N. C., 457; *State v. De Graff,* 113 N. C., 688; *Stale v. Fuller,* 114 N. C., 885; *Stale v. Kinsauls,* 126 N. C., 1096; *State v. Register,* 133 N. C., 747. The case of *State v. Potts,* 100 N. C., 457, seems to be directly in point. But there is another familiar principle of the law which fully meets and answers this objection. The defendant did not exhaust his peremptory challenges, but there were many left to him when the panel was completed. When such is the case, the objection to a juror who could have been rejected peremptorily is not available. *State v. Hensley,* 94 N. C., 1021; *State v. Pritchett,* 106 N. C., 667; *State v. Teachey,* 138 N. C., 587. The same rule has been affirmed three times at this term of the Court. *Ives v. Railroad, Hodgin v. Railroad,* and *State v. Sultan.*

The defendant next objected to the testimony of the witness W. T. Ausley, who stated that he was with Beacham after he was shot by the defendant, and that he told the witness that he was dying. There was other sufficient evidence tending to show that Beacham knew that he was *in extremis.* He died within two hours after the witness had the conversation with him to which the defendant objected. The Court permitted Ausley to testify that Beacham said to him: "I do not know what my wife and children will do. I begged Frank (Bohanon) to go along and let me alone." This was competent as a dying declaration. It is evident that the deceased was referring to what had occurred at the time he was shot, so that what he told Ausley he had said to the defendant constituted a part of the *res gestæ* and was not

the narration of a past event. It identified the defendant as
the one who had committed the homicide. *State v. Dixon,*
131 N. C., 808; *State v. Boggan,* 133 N. C., 761; *State v.
Teachey,* 138 N. C., 587. The reference he made to his
family merely confirmed the finding that he was at that time
aware of his critical condition, and well knew that he was
fast approaching the supreme moment of his dissolution,
when his words had more sanction and solemnity than is ever
imparted by the ordinary tests the law applies to insure the
accuracy and credibility of human testimony.

The third, fourth and fifth assignments of error are based
on the admission of the testimony of the State's witnesses,
W. J. Weatherly, D. H. Collins and C. F. Neely. Weatherly
testified that the defendant was arrested in Danville, Va.,
and that on his way to Greensboro he asked him why he had
killed Beacham. He replied that he was working under
Beacham, who discharged him and mistreated him by tearing
down his tent. The witness chided him for having resorted
to violent and serious measures in resentment of such a
grievance, whereupon the defendant said that he would not
have killed him if the Crutchfields had not made him drunk
and provoked him to it by telling him that he ought not to
submit to such a wrong. Collins testified that the defendant
told him he had gone to Greensboro and bought a gun, and
then went to the railroad camp to look for Beacham. That
when he found Beacham the latter cursed him and told him
to go away or he would kill him, or something like that, and
the defendant replied that he had come there for trouble, and
he then shot Beacham. After the shooting occurred, he went
to Kiser Crutchfield's, and then he lay in the pines all day,
where he saw the officers searching for him. Neely testified
that the defendant admitted to him he had killed Beacham,
and added that he would not have done it if the Crutchfields
had not persuaded and helped him to do it. He said, in a
second statement, that Beacham had a pistol, and "that he

had to shoot him to keep from being shot." There was evidence on the part of the State that Beacham did not have his pistol in his hands at the time he was shot, and that the act of the defendant was wilful and deliberate, and not done in self-defense. The testimony of the three witnesses, Weatherly, Collins and Neely, was competent and relevant. We have examined the preliminary proof taken by the Court to ascertain if the defendant's confessions were voluntary. There is nothing to be found there to indicate that they were not. No promise was made to induce him to make the confessions, nor was any threat used to extort them. So far as we are able to see, they were entirely voluntary. His Honor having so found, the testimony was admissible. *State v. Bishop,* 98 N. C., 773; *State v. De Graff,* 113 N. C., 688; *State v. Daniels,* 134 N. C., 641; *State v. Exum,* 138 N. C., 599; *State v. Smith,* 138 N. C., 700.

The sixth exception is without any merit, and if it were not for the gravity of the charge we would pass it by without comment. The defendant in that exception complains that his Honor did not present to the jury the contentions of his counsel. The charge of the Court in this respect was very full and explicit, and so clear in statement that the jury could not have failed to understand the defendant's theory in all its phases. Besides, the defendant did not ask for any additional instructions, if those already given were, in his opinion, not sufficient to cover the case. *Simmons v. Davenport,* 140 N. C., 407; *State v. Martin,* 141 N. C., 832.

The seventh and last exception is also untenable. It appears that the Court not only instructed the jury clearly and fully as to the doctrine of reasonable doubt, but repeated its instructions, as to that matter, more than once, and cautioned the jury that the burden was on the State, at all stages of the prosecution, and that they should not convict of any degree of homicide without being fully satisfied of the defendant's guilt to the exclusion of every reasonable doubt.

Upon a review of the whole record, we conclude that no error was committed by the Court in the trial of the case.

No Error.