STATE v. SPAIN BAILEY, J. A. HALES, J. H. EVANS AND J. W. STANCIL.

(Filed 17 March, 1920.)

**1. Appeal and Error—Jurors—Courts—Discretion.**

The finding of the trial judge upon supporting evidence that a juror is indifferent is not reviewable on appeal.

**2. Jurors—Expressed Opinion—Fair Trial—Qualification—Findings—Appeal and Error.**

Where a juror states on his *voir dire* that he has formed and expressed an opinion that the prisoners on trial for homicide were guilty, but this opinion was based upon talking with his neighbors and reading the newspaper accounts, but that, notwithstanding, as a sworn juror he could hear the evidence and the charge of the court and render a fair and impartial verdict, the finding of the court that he was an impartial juror will not be disturbed on appeal.

**3. Jurors—Challenge—Several Defendants—Rejection by One Defendant.**

The right of a defendant is to challenge and reject a juror on sufficient grounds, and where several defendants are on trial for the same homi-

STATE v. BAILEY.

cide one of them may not complain that a juror he had accepted had been rejected by another defendant.

**4. Witnesses— Cross Examination— Leading Questions— Courts Discretion—Criminal Law—Incriminating Evidence.**

It is within the discretion of the court to permit the State, upon the trial of homicide to ask leading questions of an unwilling witness, as, in this case, where the witness had been indicted in another bill for the same offense, and the question asked was evidently to refresh the memory of the witness from the record of his voluntary testimony in *habeas corpus* proceedings in the case, without objection or appearance that the evidence tended to incriminate the witness.

**5. Appeal and Error—Witnesses—Evidence—Harmless Error—Irrelevant Evidence.**

A question asked a witness for the accused of a homicide, who had set up an alibi in defense, as to a statement the defendant had made that he had been confined to his bed under a physician's care, is an attempt to bring out a declaration in the prisoner's favor, and not prejudicial to him, if erroneous; and the evidence is irrelevant when not in corroboration of the prisoner's evidence.

**6. Witness—Evidence—Character.**

Where the prisoner on trial for a homicide takes the stand in his own behalf he puts his character in evidence, and it is subject to impeachment, and not restricted to matters brought out on the direct examination.

**7. Appeal and Error—Harmless Error—Witness—Evidence—Conversation—Contradiction.**

The admission of testimony to contradict the prisoner's witness as to his conversation with another, will not be held for reversible error when it does not appear to have prejudiced the accused on trial for a homicide.

**8. Instructions—Special Requests—Appeal and Error.**

It is not error for the judge not to have given requested instructions in their exact language when he has substantially given them in his own language.

**9. Instructions—Evidence—Appeal and Error.**

A request for special instruction containing statements or inference of fact that the jury alone is required to find, is properly refused.

**10. Evidence—Interested Witness—Criminal Law—Accomplice—Credibility—Instructions.**

An instruction in a criminal case that the jury should carefully and cautiously scrutinize the evidence of an interested witness, and if they should then believe the witness had told the truth to give his testimony just as much weight as that of a disinterested witness, is correct as to such witness, and a requested instruction that the jury must consider the testimony with the other evidence in the case, for it to have the same effect is improper, for such is not required when the jury believes the testimony of the accomplice alone.

**11. Instructions—Correct as a Whole.**

When the judge's charge construed as a whole, is correct, an apparent error contained in a portion thereof is not reversible.

STATE v. BAILEY.

**12. Criminal Law—Homicide—Aiders and Abettors.**

Upon a trial for a homicide, those present who were present aiding and abetting are guilty with the one who actually shot and killed the deceased.

**13. Homicide—Criminal Law—Deadly Weapon—Burden of Proof.**

Upon a trial for homicide, the burden is on the defendant to show matter in mitigation to the satisfaction of the jury, when the killing with a deadly weapon is proved or admitted.

APPEAL by prisoners from *Kerr, J.,* at Special June Term, 1919, of JOHNSTON.

They were tried at a Special Term of Johnston, 9 June, 1919, upon an indictment charging conspiracy to murder, and also the murder of, J. A. Wall, deputy sheriff of Johnston County. They were all convicted of murder in the second degree, and each was sentenced to 20 years in the State's Prison and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. H. Pou, Wellons & Wellons, John E. Woodard, W. S. O'B. Robinson, W. A. Finch, Charles U. Harris, and W. E. Hooks for prisoners.*

CLARK, C. J. The evidence for the State tended to show that the prisoners and three other men were operating an illicit distillery in Johnston County; that they had gone to the distillery fully armed, with the expressed determination to kill any officer who might interfere with them. The deceased, J. A. Wall, was one of a posse who went to the still and attempted to arrest the prisoners. In such an attempt he was killed by one of them, the State's evidence tending to show that the prisoner, Spain Bailey, was the man who actually committed the homicide, the weapon used being a shotgun. It is not contended that the evidence was not sufficient to justify the verdict.

Assignments of error 1 to 11 are to the judge overruling challenges for cause. In each case, after hearing the evidence, Judge Kerr held that the juror in question was indifferent. Such finding is not reviewable on appeal. *S. v. DeGraff,* 113 N. C., 688; *S. v. Register,* 133 N. C., 751, and the cases therein cited, and citations to those cases in the Anno. Ed.

W. F. Morris, on his *voir dire,* stated that he had formed and expressed the opinion that the prisoners were guilty, but that his opinion was based upon talking with the neighbors and reading the newspaper accounts. The court then asked him if he were chosen as a juror and sworn could he go into the jury box, hear the evidence and the charge of the court, and render a fair and impartial verdict. He replied that

he could. The court then held that he was an impartial juror. He was then challenged peremptorily, and the prisoners exhausted their challenges. The ruling of the court is sustained by the authorities. *S. v. Banner,* 149 N. C., 522; *S. v. Foster,* 172 N. C., 960; *S. v. Terry,* 173 N. C., 763, and cases there cited.

J. A. Morgan was asked the same questions and made the same reply, and the same was substantially the case as to A. B. Hollowell. J. W. Goodrich stated .that he had formed and expressed the opinion that some of the seven in these indictments had killed Wall (there were 3 of them not on trial). He said: "My opinion is from what I have talked and read in the papers that some of that bunch killed him." He was then asked, as was asked Hollowell, above, "Notwithstanding the opinion which you may have formed and expressed that somebody is guilty, or some of these defendants is guilty of having shot the deceased, Wall, if you are chosen as a juror, etc., could you go into the jury box, hear the evidence and charge of the court, and render a fair and impartial verdict?" Upon his answering "Yes," the court found him indifferent and overruled the challenge for cause, and he was then challenged peremptorily. Substantially the same challenge and examination took place as to several other jurors when tendered, and upon the juror replying as above, that if sworn and accepted as a juror he could hear the evidence, and the charge of the court and would render a fair and impartial verdict, the court found the juror indifferent and thereupon overruled the challenge for cause, and the juror was challenged peremptorily except one or more, who, after the peremptory challenges were exhausted, was accepted and served on the jury. One juror, W. H. Etheridge was accepted by one of the prisoners, Hales, but on the peremptory challenge of one of the other prisoners, was rejected, and Hales excepted. There was no error in this, else not more than one defendant could be tried at a time. The right of a defendant is to challenge and reject (on sufficient ground), but not to select jurors.

The matters above set forth have been so fully discussed that there is no need of repeating what has been recently said in a very clear and forcible opinion by *Brown, J.,* in *S. v. Terry,* 173 N. C., 763.

In *S. v. Foster,* 172 N. C., 960, the printed record on file in this Court shows that the proposed juror had formed and expressed an opinion, and stated that it would take evidence to remove the impression. *Walker, J.,* in passing upon the exception to his reception as a juror, says: "The challenge to a juror, because he had formed and expressed an opinion, was fully met by the ruling of the court that he was fair and impartial. He stated that, notwithstanding the opinion he had formed, he could hear the case and render a verdict according to the law and the evidence. Three jurors on this occasion used that expression, but were peremptorily challenged and did not sit.

When a case is one of importance and has attracted much notice, there are few intelligent men in the county who have not heard the matter discussed, or have not read the accounts in the newspapers. But when the juror states that this is the source of his information, and that notwithstanding he can sit as a juror, and after hearing the evidence and the charge of the court he can render a fair and impartial verdict, and the court finds that this statement is true, and the juror indifferent, he is properly accepted. Otherwise, only the most ignorant, unintelligent, and uninformed men in the county would be competent as jurors. This would require every case to be removed that is of sufficient importance to be much talked about. Exception 12 is because Barden Pierce, who is indicted in another bill for this same offense,· appearing to be an unwilling witness, the court, in the exercise of its discretion, permitted the counsel for the State to ask him if he had not testified in the *habeas corpus* hearing in this case, and upon his saying that he did, the court permitted him to be asked the question whether he had not replied that Jim Evans, John Stancil, and Spain Bailey were at Evans' store, to which he replied that he had.

This was simply permission to ask a leading question, which is entirely in the discretion of the court. The witness did not object that his reply would tend to incriminate himself, and it would not, for his examination in the *habeas corpus* proceeding was taken down, and it was not an impeaching question, and seems to have been asked for the purpose of refreshing the witness's memory as to his testimony voluntarily rendered at the former examination.

Exception 13 was to a question asked, on cross-examination for the prisoners, of Walter Stancil, with reference to an interview with Jim Evans, one of the prisoners who had set up an alibi that he was at home sick in bed at the time of the tragedy, and therefore could not have been at the still. He was asked as to some statement made to him by Evans, the object being to bring out a statement by Evans to the witness on that occasion that the doctor had been attending him, and that Evans said he had been confined to his bed for several days. This was an attempt to get out a declaration made by the prisoner in his own interest, and, besides, was irrelevant. It was not offered as corroboration of any testimony that prisoner had given on the stand, nor does it appear that the physician had been a witness in the cause. The evidence was properly excluded, *S. v. Hildreth,* 31 N. C., 440; *S. v. Howard,* 82 N. C., 623; *Ratliff v. Ratliff,* 131 N. C., 425.

Exceptions 14 and 15 are to questions to the prisoner Hales upon the stand under the cross-examination by the State to impeach his character. When the prisoner·went upon the stand as a witness in his own behalf he put his character in evidence, and was subject to impeachment.

In *S. v. Cloninger,* 149 N. C., 572, the Court said: "The accused, by becoming a witness in his own behalf, is liable to cross-examination to impair his credit like any other witness, and the cross-examination is not restricted to matters brought out on the direct examination."

Exception 16. Harvey Stancil, witness for prisoners, had denied, on cross-examination, that he had had a certain conversation with Jarvis Edgerton. Harvey was placed on notice that it was proposed to contradict him. Edgerton was permitted to testify that Stancil went to him and had such conversation. This conversation may or may not have been irrelevant, as the prisoners contend, but there was nothing that tends to show that it was prejudicial.

The exceptions to the refusal of the judge to give special requests cannot be sustained. They were all substantially given in the charge, so far as they were correct, and it was not incumbent upon the judge to give them in the identical words of the prayer. The exception most pressed was the alleged failure to give the prayer set out in exception 22. This extended to a page and a half of printed record, and contains some statements or inferences of fact which it would have been improper for the judge to give, and therefore it was properly refused. Besides, if the prisoners could have selected out of this long prayer the sentence they rely upon, which is as follows: "The laws of this State impose upon you the duty to be careful about accepting the testimony of an accomplice in crime, and unless it, with the other evidence in the case, satisfies you beyond a reasonable doubt of the defendant's guilt, you should find the defendants not guilty," the exception could not be sustained for two other reasons, because the judge did substantially charge it, when he instructed the jury, that while they should "carefully and cautiously scrutinize the evidence of an interested witness, still if, after doing so, the jury should believe such witness told the truth about the matter that they should give his testimony just as much weight as they would that of a disinterested witness." *S. v. Boynton,* 155 N. C., 464, and cases there cited, and, besides, the judge was not required to so charge for "The unsupported testimony of an accomplice, if it produces entire conviction of the prisoner's guilt, is sufficient to warrant conviction." *S. v. Haney,* 19 N. C., 396; *S. v. Jones,* 176 N. C., 703; *S. v. Palmer,* 178 N. C., 822.

The exceptions to the charge as given are all to his statement of the contentions of the prosecution, and there is nothing to show that they were incorrect, and the defendant did not at the time ask any corrections therein.

Exception 30 is to a single paragraph taken out of the judge's instruction on the doctrine of reasonable doubt, but the whole instruction from which this is an excerpt is correct and full. Exception 31 is

because the judge charged: "If you find that one of the defendants did the shooting which killed, and that the others, or any one of them, were present, aiding and abetting, then those who aided and abetted would be guilty."

Exception 32 is because the judge, in full and appropriate language, laid down the established principle as applicable to this case, that if the killing with a deadly weapon is proved or admitted, the burden shifts to the defendant to show matter in mitigation to the satisfaction of the jury.

The charge is a full, fair, and careful presentation of the law applicable, and we find in his conduct of the trial

No error.