STATE v. L. L. WINDER.

(Filed 19 April, 1922.)

1. **Juror — Opinion — Impartial Trial—Courts—Discretion—Appeal and Error.**

    Where on the trial of a criminal case jurors on their *voir dire* have stated they had formed an opinion of the defendant's guilt, but they could lay this aside, hear the evidence, the argument of counsel and the charge of the court, and render a fair and impartial verdict according to the evidence, their serving on the jury is a matter within the discretion of the trial judge, and not reviewable on appeal.

2. **Evidence—Corroborative—Criminal Law—Statutes—Children—Carnal Knowledge.**

    Where the prosecutrix has testified upon the trial for the unlawfully carnally knowing or abusing an innocent female child over twelve and under fourteen years of age (C. S., 4202), her testimony in answer to the questions of the solicitor, to the effect that she had told her mother on the day of the occurrence, who was the only near relative present, is admissible for the purpose of corroborating her other testimony.

3. **Evidence — Witnesses — Cross-Examination —Character—Impeaching Evidence—Criminal Law.**

    It is competent for the solicitor in a criminal action to broadly cross-examine the defendant's witnesses upon their collateral testimony given on their direct examination, tending to discredit the State's witnesses, the

limitation ordinarily being that they are not bound to answer questions that might subject them to an indictment or to a penalty under the statute.

**4. Appeal and Error—Objections and Exceptions—Instructions—Contentions.**

> Exceptions to the statement of the contentions made by the trial judge in his charge to the jury, taken for the first time after trial, in the appellant's statement of the case on appeal, afford the trial judge no opportunity for correction, and are not reviewable.

APPEAL by defendant from *Horton, J.,* at November Term, 1921, of PASQUOTANK.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. L. Cahoon, Meekins & McMullan, P. G. Sawyer, and Thompson & Wilson for defendant.*

WALKER, J. The defendant was convicted at the November Term, 1921, of the Superior Court of Pasquotank County, Horton, J., presiding, of the statutory crime of carnally knowing a female child (Hattie Puckett) under fourteen years of age, and from the judgment upon such conviction, appealed to this Court.

The statute upon which the prosecution was based is C. S., 4209, as follows: "If any person shall unlawfully carnally know or abuse any female child over twelve and under fourteen years old, who has never before had sexual intercourse with any person, he shall be guilty of a felony, and shall be fined or imprisoned in the State's Prison, in the discretion of the court." The State's evidence, if accepted as true, was conclusive of defendant's guilt.

Exception one was to the court's overruling defendant's challenge to, and refusing to stand aside five jurors, who on their *voir dire* stated that they had formed an opinion that the defendant was guilty, but could lay this aside, hear the evidence, the argument of counsel, and the charge of the judge and render a fair and impartial verdict according to the evidence. These were competent jurors. This ruling of the court is fully sustained by many decisions of this Court, presenting the same question. One of the more recent cases is *S. v. Terry,* 173 N. C., 761, in which it substantially appeared that after challenge to a juror, and upon cross-examination, as well as upon examination by the court, the juror testified that he could "eliminate from his mind all that he had heard or read, and that he could go into the jury box and be governed solely by the evidence produced upon the trial, and by the charge of the court, and he could give the State and the prisoner an absolutely fair

trial.  On examination by the judge, the juror stated again that he could render a verdict uninfluenced by any opinion he may have formed, or anything that he may have heard or read.  The court in its discretion found the said jurors to be impartial, and had them tendered and sworn. With reference to this ruling of the court, it was held in that case to be in "exact accord" with previous decisions of this Court, and especially with the very recent case of *S. v. Foster,* 172 N. C., 960, which cites with approval the case of *S. v. Banner,* 149 N. C., 519, in which the same questions were asked and like answers returned as in the case now before this Court.  The decision there was that a juror, having been tested according to the standard used in the present case, was a competent juror, and that his admission to the jury box was in the sound discretion of the judge.  *S. v. English,* 164 N. C., 498.  Like ruling was made at this term upon practically the same state of facts.  *S. v. Montgomery, ante,* 747.

Exception two was taken to the solicitor's question, and the answer of the prosecuting witness, Hattie Puckett, as follows: "I told my mother about this occurrence Sunday.  Q. Was there any one else in your household for you to tell it to.  A. No, sir.  I had no sister or brother or father there to tell."  This, of course, may have had very little, if any, probative force.  It did tend to show that she told it to the only person accessible to her, who would probably be in her confidence, and as such it was admissible as corroborative of her.

Exceptions three, four, and five were to the admission of questions and answers put by the solicitor to adverse witnesses on the cross-examinations.  These were admissible as impeaching the witnesses.  It is said in *S. v. Davidson,* 67 N. C., 119: "It is now held that you may put almost any question to the witness, and that the witness is bound to answer it, unless the answer might subject him to an indictment, or to a penalty under a statute," which is approved in *S. v. Lawhorn,* 88 N. C., 637, and in *S. v. Robertson,* 166 N. C., 356, at page 360.  But there are some exceptions to this rule, though not presented in this case.  Those cases should, however, be considered with *S. v. Holly,* 155 N. C., 485, and what was said by *Justice Allen* therein as to collateral testimony upon the question of character.

The argument in this Court for defendant was confined mainly to the question as to the competency of the jurors to sit in the case, and, we think, properly so, but we have carefully examined all the other exceptions of the defendant and find them to be so unimportant, if not trivial, in their nature, as not to justify a reversal of the judgment.  There was certainly no more than harmless error, if any error at all, in the rulings of the judge.  Several of them were merely explanatory, and admitted in reply to attacks upon the State's witnesses.  The State did have, and

should have, the right to explain any seemingly wrong imputed to its witnesses. Having allowed the insinuation against their character to be made, or the truth of their testimony impeached, if only in an indirect manner, it was nothing but fair and just that they should be permitted to rebut any implication of wrongdoing against them, or to explain any conduct on their part which was sought to be questioned by the other side so that the jury might hear the whole story and be more competent to pass upon the credibility of the testimony.

Many exceptions were taken to the statement by the judge of the contentions of the State and the defendant, but the judge, in respect to them, made the following finding: "No objection was made during the charge, or after the same, or at any time during the trial, to any statement or contentions by the court, nor was any correction suggested, all exceptions to statement of contentions and charge being made for the first time in the statement of the case on appeal served 13 January, 1922, the case having been tried November, 1921." The other exceptions to the charge are clearly without merit. The instructions to the jury were full and complete, presenting the case to the jury in every phase of it, and correctly stated the law bearing upon all questions raised during the course of the trial.

No error.