## STATE v. LUCILLE DeGRAFFENREID.

(Filed 11 October, 1944.)

**1. Jury § 1—**

The judge shall decide all questions as to the competency of jurors, and his rulings thereon are not subject to review on appeal unless accompanied by some imputed error of law.

**2. Same—**

Upon challenge for cause, in a murder trial, of a juror, who had formed some opinion adverse to the prisoner, where such juror states that he could render a fair and impartial verdict entirely in accordance with the law and the evidence, uninfluenced by any previously formed opinion, the court is justified in a finding of indifferency.

**3. Same—**

Objection to a juror for alleged bias or misconduct, during the trial of a murder case, is addressed to the court's discretion, and an adverse ruling, upon evidence and findings by the court below, will not be disturbed.

APPEAL by defendant from *Bone, J.,* at July Term, 1944, of LEE.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Ollie Moore.

Upon the trial, and after the defendant had exhausted her peremptory challenges, B. M. Pattishall was called as a juror and accepted by the solicitor. He was challenged by the defendant for cause, *propter affectum,* in that he had formed an opinion adverse to the defendant from two or three articles published in *The Sanford Herald.*

On being questioned by defendant's counsel, the prospective juror stated that it would require evidence to remove the unfavorable impression from his mind. Whereupon the court propounded a number of inquiries, ending with the following:

Q. "Is your mind in such a state that you can hear the evidence of the witnesses and the charge of the court as to the law and render a fair and impartial verdict based solely upon the evidence and the charge of the court without being influenced by what you read in the newspaper or any impression that you got from it?"

A. "I think so."

Q. "Are you sure of that?"

A. "I think so."

The challenge to the juror was thereupon overruled. Exception. Counsel for defendant then asked the court to excuse the juror in his discretion. The request was declined.

After the evidence was in, and before the argument had been completed, counsel for defendant notified the court, in chambers, in the presence of the solicitor, that one of the jurors, J. P. Smith, had been heard, during the noon recess, to express an unfavorable opinion and bias against the defendant, both on account of her testimony and her race. The court stated that the matter would be investigated, after verdict, if adverse to the defendant.

Verdict: Guilty of murder in the second degree.

The court then examined into the alleged bias or misconduct of the juror, J. P. Smith, and found on sufficient evidence (1) that the juror had not discussed the matter as alleged; (2) that he had not made the statements reported to defendant's counsel; (3) that the juror was impartial and had committed no impropriety in regard to the case. Whereupon the motion to set aside the verdict was denied. Exception.

Judgment: Imprisonment in the State's Prison for not less than 16 nor more than 20 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. D. Siler and K. R. Hoyle for defendant.*

STACY, C. J. This is the same case that was before us at the Fall Term, 1942, reported in 222 N. C., 113, 22 S. E. (2d), 217, and again at the Fall Term, 1943, reported in 223 N. C., 461, 27 S. E. (2d), 130. It is here now on questions of alleged jury defect and bias or misconduct.

First, in respect of the challenge to the juror Pattishall, it is observed that while he had formed some opinion adverse to the defendant, he further stated he could render a fair and impartial verdict entirely in accordance with the law and the evidence, uninfluenced by any previously formed opinion. This suffices to support the court's finding of indifferency. *S. v. English,* 164 N. C., 497, 80 S. E., 72. Similar rulings, under almost identical circumstances, were upheld in the cases of *S. v. Dixon,* 215 N. C., 438, 2 S. E. (2d), 371; *S. v. Terry,* 173 N. C., 761, 92 S. E., 154; *S. v. Foster,* 172 N. C., 960, 90 S. E., 785; and *S. v. Banner,* 149 N. C., 519, 63 S. E., 84.

It is provided by G. S., 9-14, that the judge "shall decide all questions as to the competency of jurors," and his rulings thereon are not subject to review on appeal unless accompanied by some imputed error of law. *S. v. Winder,* 183 N. C., 776, 111 S. E., 530; *S. v. Bailey,* 179 N. C., 724, 102 S. E., 406; *S. v. Bohanon,* 142 N. C., 695, 55 S. E., 797; *S. v. Register,* 133 N. C., 747, 46 S. E., 21; *S. v. DeGraff,* 113 N. C., 688,

18 S. E., 507; *S. v. Green,* 95 N. C., 611. The ruling in respect of the impartiality of the juror Pattishall presents no reviewable question of law. *S. v. Bailey, supra; S. v. Bohanon, supra.*

Second, as bearing on the alleged bias or misconduct of the juror Smith, it is enough to say the ruling of the trial court, on the evidence and facts found therefrom, puts an end to the matter. *S. v. Montgomery,* 183 N. C., 747, 111 S. E., 173; *S. v. Tilghman,* 33 N. C., 513. It accords with what was said in *S. v. DeGraff, supra,* in respect of a situation quite similar to the one here presented. The motion was addressed to the court's discretion. *S. v. Maultsby,* 130 N. C., 664, 41 S. E., 97; *S. v. Council,* 129 N. C., 511, 39 S. E., 814; *S. v. Lambert,* 93 N. C., 618; *S. v. Miller,* 18 N. C., 500. The exception based on this part of the record is not sustained. *S. v. Boggan,* 133 N. C., 761, 46 S. E., 111; *S. v. Harper,* 101 N. C., 761, 7 S. E., 730; *S. v. Godwin,* 27 N. C., 401.

As no reversible error has been made to appear, the verdict and judgment will be upheld.

No error.