STATE OF NORTH CAROLINA v. DARRYL WAYNE JOHNSON

No. 112

(Filed 14 January 1972)

1. Indictment and Warrant § 6— issuance of arrest warrant

Evidence concerning a rape and defendant's responsibility for it as gathered by police officers and related to the magistrate was sufficient to justify the issuance of an arrest warrant.

2. Jury § 7— denial of challenges for cause

In this rape prosecution, the trial court did not abuse its discretion in the denial of defendant's challenges for cause to certain prospective jurors after his peremptory challenges had been exhausted.

**3. Rape § 5— sufficiency of evidence**

The State's evidence was sufficient for the jury in this rape prosecution where the victim positively identified defendant as her assailant and testified that she had bitten defendant's lip and that defendant had taken her watch, and the State presented evidence that on the morning following the crime defendant appeared with a bitten lower lip and that he used the victim's watch as security for a loan.

**4. Criminal Law § 87— solicitor's leading questions — rape victim**

The trial court did not abuse its discretion in allowing the solicitor to ask leading questions of a rape victim.

**5. Criminal Law § 43— photographs of scene of a rape**

Photographs of the scene where the rape occurred were properly admitted for illustrative purposes, nothwithstanding the photographs were taken in the daytime and the crime occurred at night.

**6. Criminal Law § 51— qualification of experts**

In this rape prosecution, the trial court did not err in finding that one State's witness was a medical expert and that another witness was an expert in medical technology, or in allowing the medical expert to testify as to evidence of recent injuries on the prosecutrix' body and the technologist to testify as to the presence of sperm cells taken from the body of the prosecutrix on the night of the assault.

**7. Constitutional Law § 33; Rape § 4— hair and blood samples taken from defendant**

The trial court in this rape prosecution did not err in its refusal to suppress evidence of blood and hair samples obtained from defendant with his consent.

**8. Criminal Law § 102— solicitor's jury argument**

The solicitor's argument to the jury in this rape prosecution was well within the rules of fair debate.

APPEAL by defendant from *Kivett, J.,* May 1971 Session, GUILFORD Superior Court.

In this criminal prosecution the defendant, Darryl Wayne Johnson, was charged by bill of indictment with the rape of Cassandra Lea Hoff, a female. The offense is alleged to have occurred in Greensboro, Guilford County, on February 24, 1971. After his arrest and before his arraignment, the court found the defendant to be indigent and appointed Wallace C. Harrelson, the public defender, to represent him. Defense counsel immediately challenged the validity of the warrant of arrest on the ground the issuing officer did not have probable cause upon which to base a custody order. The court, on defendant's motion, conducted a pre-trial voir dire, found facts, and concluded the

issuing officer had sufficient evidence upon which to issue the warrant.

Following the formal arraignment and plea of not guilty, the selection of the trial jury began. During the selection, the defendant noted exceptions to the court's denial of certain of his challenges for cause. These challenges were made after the defendant had exhausted his peremptories. Twelve regular jurors and one alternate were selected and empaneled.

The victim of the alleged assault, Miss Hoff, age eighteen years, testified as a witness for the State. In short summary, her evidence disclosed that on February 24, 1971, she was a member of the freshman class of the University of North Carolina at Greensboro. Shortly after nine o'clock in the evening she left her dormitory room and went to the Switchboard to look for her roommate who occasionally worked there. Failing to locate her roommate, she took a stroll on Spring Garden Street adjacent to the campus. As she approached Warren Street a man on the other side of Spring Garden called to her. She continued walking. The defendant, Darryl Wayne Johnson, whom she identified at the preliminary hearing and at the trial, followed her, caught up with her from behind, dragged her from the street through a vacant lot and behind a fence forced her to take off her clothes, drew a knife, threatened to "slit her throat," and forcibly and in spite of her violent efforts completed an act of rape. During the struggle the witness lost the heel to one of her shoes. In the struggle, she bit her assailant's lip. Before leaving the scene, the defendant searched the pocketbook of the witness and finding no money, forcibly took her gold Timex watch.

The witness immediately reported to the college infirmary, received examination and treatment from the attending physician, and gave the police officers a description of her assailant.

Acting on the detailed description the victim gave the police as to the age, size, dress, and appearance of her assailant, including the fact that she had bitten his lip, the police arrested the defendant. The witness identified him positively at the preliminary hearing and at the trial. In each instance the identification was positive and unequivocal and based on her view of him under the street light.

As a part of their investigation, the officers went to the place of the alleged assault, made pictures, and there found the heel from one of the victim's shoes.

A witness at the infirmary testified that when Miss Hoff appeared on the night of February 24, 1971, she was very much agitated, had been crying, her hair was stringy and contained leaves and dirt. Her arms and shoulders disclosed fresh bruises and scratches. Dr. Abernathy, who qualified as a medical expert, testified that she examined the witness and found evidence compatible with a charge of criminal assault. She described her findings to the court and jury.

The State offered the testimony of Mrs. Sharpe, whom the court found to be a registered medical technologist qualified as an expert in her special field. She testified that examination and analysis disclosed the presence of sperm cells and lacerations of the vagina membrane. She also testified that in her opinion intercourse had been recent.

The State offered evidence the defendant was in the vicinity of the College shortly before the time of the assault. The following morning he appeared at the home of one of his acquaintances, borrowed $5.00, and gave as security the gold Timex watch identified by the prosecuting witness as the one taken from her at the conclusion of the assault. His explanation at the time of the loan was that he got the lady's watch from his sister.

The defendant neither testified nor offered evidence. At the conclusion of the charge the court excused the alternate juror. The jury returned a verdict of guilty of rape with a recommendation the punishment be imprisonment for life in the State's prison. From the judgment in accordance with the jury's verdict, the defendant appealed.

*Robert Morgan, Attorney General, by Edwin M. Speas, Jr., Associate Attorney, for the State.*

*Wallace C. Harrelson, Public Defender, and Dale Shepherd, Assistant Public Defender, for defendant appellant.*

HIGGINS, Justice.

[1] The evidence concerning the crime charged and the defendant's responsibility for it as gathered by the officers and related to the magistrate, was amply sufficient to justify the warrant of arrest and to support the finding of probable cause at the preliminary hearing. *State v. Dickens,* 278 N.C. 537, 180 S.E.

2d 844; *Spinelli v. U.S.*, 393 U.S. 410, 21 L.Ed. 2d 637. The defendant's objections to the issuance of the warrant and to the finding of probable cause are not sustained.

[2]   During the jury selection, the defendant made objection to the court's failure to sustain his challenges for cause after his peremptory challenges had been exhausted. The competency of jurors at the time of selection and their continued competence to serve thereafter are matters left largely to the sound legal discretion of the presiding judge. "It is provided by G.S. 9-14, that the judge 'shall decide all questions as to the competency of jurors,' and his rulings thereon are not subject to review on appeal unless accompanied by some imputed error of law. . . . The ruling in respect of the impartiality . . . presents no reviewable question of law." *State v. DeGraffenreid*, 224 N.C. 517, 31 S.E. 2d 523. See also *State v. Bailey*, 179 N.C. 724, 102 S.E. 406; *State v. Bohanon*, 142 N.C. 695, 55 S.E. 797; *State v. Spencer*, 239 N.C. 604, 80 S.E. 2d 670. The defendant presents nothing which tends to support the defendant's objection to the jury.

[3, 4]   The defendant's exception to the sufficiency of the evidence to make out a case does not justify serious discussion. The victim's identification of the defendant was positive and based on a good view of him under a vapor light. During the struggle, she bit his lip and so reported to the officers. The taking of her watch and his use of it as security for a loan the following morning and his appearance with a bitten lower lip remove all reasonable doubt as to the accuracy of the identification. With such evidence before the jury, reason does not appear why the solicitor for days continued to offer little bits of evidence most of which had only a remote bearing on the identification. The defendant contended the evidence resulted from leading questions and should have been disregarded. The reluctance of the victim, a young college girl, to disclose the full details of the criminal assault upon her is understandable. The court's failure to sustain the objection on the ground a question was leading was discretionary and not subject to appellate review. *State v. Clanton*, 278 N.C. 502, 180 S.E. 2d 5; *State v. Pearson*, 258 N.C. 188, 128 S.E. 2d 251.

The evidence in this case, both direct and circumstantial, required the court to overrule the defendant's motion to dismiss. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431; *State v.*

*Davis,* 246 N.C. 73, 97 S.E. 2d 444; *State v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728; *State v. Goins,* 261 N.C. 707, 136 S.E. 2d 97.

[5] The defendant has brought forward three assignments of error based on six exceptions to the court's failure to exclude photographs of the scene where the assault occurred. These photographs were identified as correctly disclosing the conditions at the scene of the crime. They were made the day following the assault. The court instructed the jury the photographs were introduced for the purpose of illustrating the testimony of the witness and for no other purpose. The defendant based his objections on the ground the photographs were taken in the daytime, whereas the assault took place at night. Any change in the scene between the event and the taking of the photographs is not even suggested. The admissibility of the photographs for the limited purpose did not depend on the degree or the source of the illumination at the time they were made. The photographs were admissible for the purpose of illustrating the testimony to the end that the court and jury might better evaluate it. *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *State v. Hill,* 272 N.C. 439, 158 S.E. 2d 329; *State v. Atkinson,* 278 N.C. 168, 179 S.E. 2d 410.

[6] The defendant insists the court committed error in finding Dr. Abernathy and Mrs. Sharpe were experts in their respective fields; and in permitting them to give expert testimony. Dr. Abernathy was a licensed and practicing physician with many years of experience. Mrs. Sharpe was a registered technician and was experienced in her special field which includes analysis of human body cells, secretions and fluids. Dr. Abernathy testified as to evidence of recent injuries on the body of the witness and Mrs. Sharpe testified as to the presence of sperm cells taken from the body of the prosecuting witness on the night of the assault.

The evidence before the court was amply sufficient to support the findings that each witness was an expert and qualified to testify as such. "The court's finding that a witness is qualified as an expert will not be disturbed on appeal if there is evidence to show that, through study or experience, or both, he has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject as to which he testifies." *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755. See

also *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548. The court's finding the witnesses were qualified is conclusive on this appeal.

[7] The defendant charges error in the failure of the court to suppress evidence of blood and hair samples obtained from the defendant and cites as authority the case of *Schmerber v. California,* 384 U.S. 757, 16 L.Ed. 2d 908, 86 S.Ct. 1826. The evidence offered does not fall within the narrow limits pointed out as error in the Schmerber case. In fact, the defendant consented to the hair and blood samples requested by the officers. The analysis of the samples might have been beneficial to the accused. May we not assume that officers and witnesses, including the victim, are interested in the conviction of the guilty and, as a corollary, the exoneration of the innocent? The conviction of the innocent would tend to create a shield for the guilty, especially in a one-man crime. *State v. McNeil,* 277 N.C. 162, 176 S.E. 2d 732. At most, analysis of hair and blood samples tended to identify the defendant as belonging to the class to which the guilty party belonged. The analysis might have indicated he did not belong to that class.

[8] Finally, the defendant concludes his brief by finding fault with the solicitor's argument and by exceptions to much of the court's charge. The solicitor's argument seems to be well within the rules of fair debate. *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; *State v. Maynor,* 272 N.C. 524, 158 S.E. 2d 612; *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568.

Realizing the jury pays close attention to the court's instructions, we have examined the charge with that care appropriate to the gravity of the case and the consequences incident to a conviction. However, we find the charge to be fair, accurate, and in accord with our decided cases.

The real issue in the case was the identity of Miss Hoff's assailant. On this issue the direct evidence was short and explicit. The circumstantial evidence supported *and fortified the direct evidence.* Nothing in the record tends to discolor or to obscure the clear picture of guilt painted by the testimony.

In the trial, verdict, and judgment we find

No error.