STATE OF NORTH CAROLINA, PLAINTIFF-APPELLEE v. JERRY HOOPER, DEFENDANT-APPELLANT

No. 9021SC789

(Filed 6 August 1991)

1. **Rape and Allied Offenses § 4 (NCI3d) — mental retardation of rape victim — expert testimony — qualification of witness**

   The trial court's finding that a witness was qualified to give expert testimony as to a rape victim's mental retardation was supported by evidence that the witness was educated to be a school psychologist, had served as a school psychologist for twenty-three years, and had tested the intellectual capacity of approximately 2,000 children and adults.

   **Am Jur 2d, Expert and Opinion Evidence §§ 178, 180; Rape § 68.**

2. **Witnesses § 1 (NCI3d) — mentally retarded victim — competency as witness**

   The trial court did not err in finding that a mentally retarded rape and kidnapping victim was qualified to testify where the court noted that it had observed the witness and heard her answers to the questions by both sides and had no doubt as to her ability to answer "yes" or "no" to any of them.

   **Am Jur 2d, Rape § 103.**

STATE v. HOOPER

[103 N.C. App. 662 (1991)]

APPEAL by defendant from judgments entered 7 December 1989 by *Judge Howard R. Greeson, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 17 April 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*David F. Tamer for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of attempted second degree rape in violation of G.S. 14-27.6 and second degree kidnapping in violation of G.S. 14-39. The sex offense was based upon allegations in the indictment that the victim, Vauteria Elaine Moseley, was mentally defective, *see* G.S. 14-27.1, G.S. 14-27.5, and that defendant knew or should have known that. The evidence, all by the State, tends to establish all the facts alleged. Defendant contends that the evidence erroneously includes the expert testimony of Darlena Mixon as to the victim's mental retardation, and the testimony of the victim, who he argues is not a qualified witness. Neither contention has merit and we find no error.

[1] The court's finding that Darlena Mixon was well qualified to give expert testimony as to Vauteria Elaine Moseley's mental retardation is abundantly supported by competent evidence and is therefore conclusive. *State v. Johnson*, 280 N.C. 281, 185 S.E.2d 698 (1972). With respect thereto the evidence shows, *inter alia*, that she was educated to be a school psychologist, had served as a school psychologist for twenty-three years, and had tested the intellectual capacity of approximately 2,000 children and adults, including that of the victim.

[2] Whether Vauteria Elaine Moseley was qualified to testify was a question of fact for the trial judge to determine in his discretion. *State v. Fearing*, 315 N.C. 167, 337 S.E.2d 551 (1985). In finding that she was a qualified witness, the court noted that he had observed the witness and heard her answers to the questions asked by both sides and had no doubt as to her ability to answer "yes" or "no" to any of them. Since this indicates that the finding has a rational basis, it cannot be disturbed. *State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424 (1987).

No error.

Judges PARKER and GREENE concur.