STATE v. ANDREW YATES DAVIS.

(Filed 10 April, 1957.)

**1. Criminal Law § 29a—**

Where the State introduces testimony of statements made by defendant on a particular date, but introduces no evidence in regard to statements made by him on a subsequent date, defendant is not entitled to elicit from the State's witness testimony as to self-serving declarations made by defendant on the later date, the State not having "opened the door" to such testimony.

**2. Criminal Law § 53d—**

Where the court's instructions to the jury contain a clear, concise and complete charge on all essential features of the case, exceptions to the court's failure to charge on minor aspects of the case cannot be sustained, it being incumbent on defendant, if he desired more detailed instructions, to have tendered a request therefor. G.S. 1-180.

**3. Criminal Law § 52a(3)—**

While circumstantial evidence must point unerringly to the guilt of defendant and exclude every other reasonable hypothesis in order to be sufficient for conviction, whether it does so is for the jury to determine under instructions to that effect, it being the province of the court upon

motion to nonsuit or for a directed verdict to determine only whether there is substantial evidence of every essential element of the offense.

**4. Homicide § 25—**

Evidence tending to show that defendant was found dressed in the kitchen of his home about 8:30 in the morning, that his wife had been mortally beaten sometime during the night and was lying near a pool of blood in the bathroom of the house, that blood was found inside the shoes defendant was wearing, and men's clothing on which there was blood was found in the house, *is held* sufficient to be submitted to the jury and sustain a verdict of defendant's guilt of murder in the second degree.

APPEAL by defendant from *Moore (Dan K.), J.,* November, 1956 Term, BURKE Superior Court.

Criminal prosecution tried upon indictment charging the defendant with the first degree murder of his wife, Lois Louise Davis. Upon arraignment the solicitor announced he would not prosecute for the capital felony but only for murder in the second degree or manslaughter as the evidence might warrant. The jury returned a verdict of guilty of murder in the second degree. From a judgment of imprisonment for not less than 12 nor more than 15 years, the defendant appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Mull & Patton for defendant, appellant.*

HIGGINS, J. The defendant and the deceased, his wife, prior to 5 November, 1955, lived in a rural section of Burke County. At about 8:30 on the morning of that day the State's witness Coleman went to the house where he found the defendant dressed and in the kitchen. The body of his wife was lying on her back in the bathroom near a pool of blood. The coroner, a physician, performed an autopsy and expressed the opinion that death resulted from "extensive bleeding in the chest cavity and on the outside tissue of the brain—produced by blunt force and blows about the face, head, and chest." The coroner performed the autopsy at about one o'clock in the afternoon of 5 November. He expressed the opinion the wounds could have been inflicted about 10 or 12 hours prior to the autopsy. Blood was discovered in several places in the house, and on the inside of the basement door "blood extended three and one-half feet up on the door." On the defendant's upper cheek was an abrased area and three distinct marks downward approximately one-third of an inch apart on the left cheek. When examined at about 3:30 p.m. on the day the body was found, the defendant was wearing a cotton shirt and trousers, and a pair of low-

quarter shoes. There was no blood on his clothing. However, on the inside of defendant's shoes "on the instep was a quantity of dried blood and also on the insoles and over the toes and under the sole of the foot blood was present in both shoes." Men's clothing on which there was blood was found in the house.

The coroner stated on cross-examination that the bruises on the body of the deceased could have been caused in an automobile accident. However, there was no evidence the deceased had been involved in any accident.

On the late afternoon of 4 November, two neighbors saw the deceased walking about one-quarter mile from her home. They gave her a ride to the home. At the time she had a slight limp, seemed fatigued, and had about her the odor of whisky.

The State introduced evidence that the defendant on numerous occasions had threatened to kill his wife and had committed assaults upon her many times, once with a shoe, and once with a "fire stick."

The investigating officer testified as to certain statements made by the defendant on 5 November, 1955, to the effect that on advice of counsel he did not want to make any statement or discuss the case. For the purpose of impeachment counsel asked if the witness "is trying to inject into the jury box that the defendant shut up like a clam and would not talk further." The court sustained the State's objection to the question. Nothing in the testimony appeared to justify the question.

The defendant sought to have the investigating officer testify as to statements made to him by the defendant on 8 November. These statements were excluded on the ground that they were self-serving. The ruling of the court was correct for the reason that the State had not introduced any part of the defendant's conversation on the 8th. The foregoing disposes of the defendant's exceptive assignments Nos. 1, 2, 3 and 4.

The defendant's exception No. 7 relates to the failure of the court to charge on certain minor aspects of the case. The charge, however, taken contextually as it must be, presents clear, concise and complete instructions to the jury on all essential features of the case and is in compliance with G.S. 1-180. If the defendant desired more detailed instructions, he should have requested them. *S. v. Glatly,* 230 N.C. 177, 52 S.E. 2d 277; *S. v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909; *S. v. Bohanon,* 142 N.C. 695, 55 S.E. 797.

The defendant places his main reliance on exceptions Nos. 5 and 6 relating to the failure of the court to direct a verdict of not guilty. In this case the evidence was circumstantial. Beyond question this Court has consistently adhered to the rule that in order to convict on circumstantial evidence, that evidence must not only be consistent with guilt,

it must be inconsistent with innocence. It must point unerringly to guilt and must exclude every other reasonable hypothesis. Unless the evidence measures up to the foregoing standard it is the duty of the jury to acquit and it is the duty of the court so to instruct the jury.

In applying the rule of the sufficiency of circumstantial evidence, not infrequently, however, counsel have confused the function of the trial judge and the function of the jury. In all fairness it may be observed that some of the decisions of this Court have not tended to clarify the distinction between the court's and the jury's functions. When a motion is made for a judgment of nonsuit or for a directed verdict of not guilty, the trial judge must determine whether there is substantial evidence of every essential element of the offense. In so far as the duty of the judge is concerned, it is immaterial whether the evidence is direct, circumstantial, or a combination of both. If it is substantial as to all essential elements of the offense, it is the duty of the judge to submit the case to the jury. "The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial, or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury." *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431; *S. v. Simpson,* 244 N.C. 325, 93 S.E. 2d 425; *S. v. Duncan,* 244 N.C. 374, 93 S.E. 2d 421; *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904; *S. v. Grainger,* 238 N.C. 739, 78 S.E. 2d 769; *S. v. Fulk,* 232 N.C. 118, 59 S.E. 2d 617; *S. v. Frye,* 229 N.C. 581, 50 S.E. 2d 895; *S. v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469; *S. v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *S. v. Coffey,* 228 N.C. 119, 44 S.E. 2d 886; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676; *S. v. Stiwinter,* 211 N.C. 278, 189 S.E. 868; *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730.

We must conclude that under the foregoing rules there was substantial evidence of defendant's guilt. The evidence presented a case for the jury. No reason appears why the verdict and judgment should be disturbed.

No error.