STATE v. JOE GOINS, JR., DOCKET No. 9003.
AND
STATE v. JESSE JAMES MARTIN, DOCKET No. 9020.

(Filed 29 April, 1964.)

**1. Criminal Law § 101—**

The evidence, whether direct, circumstantial, or a combination of both, must amount to substantial proof of every essential element of the offense charged in order to warrant the submission of the issue to the jury, it being for the jury to determine whether the evidence establishes guilt beyond a reasonable doubt.

**2. Robbery § 4—**

Evidence tending to show that defendants are brothers-in-law and lived together, that one of them had in his possession at the time of the robbery a gun which was positively identified by the victim of the robbery as the one used in the perpetration of the offense, that the other defendant borrowed two stockings shortly before the offense was committed, and on the day after the robbery had in his possession approximately one-half of the money stolen and admitted his participation in the robbery, and that the perpetrators while committing the offense wore stockings over their heads, *is held* sufficient to be submitted to the jury as to each defendant on the charge of armed robbery.

**3. Criminal Law § 99—**

Evidence favorable to defendant, in conflict with that offered by the State, is not considered on motion to dismiss.

APPEAL by defendants from *Williams, J.,* September, 1963 Session, LEE Superior Court.

The defendants were separately indicted but jointly tried for the robbery of Wilford Harrison on June 28, 1963, by the use of a firearm, to-wit: a shotgun. At the conclusion of the State's evidence the defendant Martin testified for the defense. Goins did not offer evidence. The jury returned a verdict of guilty as charged as to both defendants. From the prison sentences imposed, the defendants appealed, assigning errors.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General for the State.*
*J. W. Hoyle for defendant Joe Goins, Jr., appellant.*
*H. M. Jackson for defendant Jesse James Martin, appellant.*

HIGGINS, J.   Each defendant contended the evidence as to him, being in large measure circumstantial, was insufficient to go to the jury, and, for that reason, the court committed error in denying the motions to dismiss. "When a motion is made for a . . . directed verdict of not guilty, the

trial judge must determine whether there is substantial evidence of every essential element of the offense. In so far as the duty of the judge is concerned, it is immaterial whether the evidence is direct, circumstantial, or a combination of both. If it is substantial as to all essential elements of the offense, it is the duty of the judge to submit the case to the jury . . . Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict." *State v. Davis,* 246 N.C. 73, 97 S.E. 2d 444.

The State's evidence, briefly summarized, disclosed that Wilford Harrison, while at work at a filling station in Sanford about two o'clock on the morning of June 28, 1963, was robbed by two colored men who had dark stockings over their faces. One of the men struck him twice on the head with a single barrel shotgun. They took about $75.00 in bills from his pocket and in change from a coin container on his belt. The men were in the station for only about two minutes. During that time one called the other "James."

State's Exhibit A, a single barrel shotgun, was identified by the witness Harrison as the gun the colored boy used in the assault and robbery. "I identify the gun from the single 'trick' (disassembly screw with a spur) on the side of the gun. . . . I had never seen one like it before. I have seen it since then . . . when it was brought to the station by a policeman."

Nancy Mae Johnson testified she saw the defendant Jesse James Martin in Sanford about 8:00 o'clock p.m. (on June 27, 1963) at her house. At his request she gave him a colored stocking which he put over his face and asked whether she could recognize him. When she gave a negative answer he requested a second stocking which she also gave him. At about 5:00 o'clock on the next morning (28th) he came back to her house and said, "I came into a lot of money last night. . . . We robbed a station." He had 29 one-dollar bills which he asked her to keep for him. She refused. "(He) said he hit him in the head twice with the shotgun and would have shot him but he knew the gun would sound so loud . . . somebody would probably get there before they could get away." She further testified that Jesse James Martin and Joe Goins were brothers-in-law and lived together.

Floyd Council testified that State's Exhibit "A" is his gun; that the defendant Joe Goins borrowed it to kill a dog. "I came in from work . . . he . . . told me he would get it when it got a little darker. . . . He came back about 9:30 at night . . . came to the back door . . . asked for the gun and I gave it to him. . . . (next day) I found him coming down the street, he did not have my gun . . . I asked him for my gun . . . and he said he would bring it back . . . I went back and got it myself." The

STATE *v.* GOINS AND STATE *v.* MARTIN.

witness kept the gun in his possession until the police made inquiry about it and he turned it over to the officer who produced it in court.

Jesse James Martin testified that he had nothing whatever to do with the robbery; denied much of Nancy Mae Johnson's testimony. He did admit, "I got the $30.00 in one-dollar bills that I left with my brother-in-law by saving it up. I had been saving it up to go to Durham on." He also admitted being at the house of Nancy Mae Johnson on the evening of June 27, 1963, and on the morning of the 28th. He admitted having been convicted of larceny for which he served a term on the roads.

When viewed in the light most favorable to the State, the evidence permits these inferences: The defendants are brothers-in-law. They room together. Martin procured two colored stockings for disguises about eight o'clock on the night of June 27. Near the same time Goins procured Council's single barrel shotgun. At two o'clock in the morning two men with disguises and the shotgun robbed Harrison. When Goins failed to return the gun, Council went to the place where the defendants lived and repossessed it. The police, after inquiry, obtained the gun from Council, produced it in court where the victim identified it as the weapon used in the robbery. The means of identifying the weapon was a spur on the bolt joining the forearm and barrel to the action and the stock. The victim had never seen another like it. The defendant Martin admitted his part in the holdup and requested Nancy Mae Johnson to keep $29.00 in bills for him—approximately half the currency taken from Harrison. That the other participant in the robbery received the other half is not a violent presumption. The uncontradicted evidence that Goins procured the weapon used in the robbery and still had it in his possession the day after the holdup, together with the relationship and association of the defendants, while not compelling as to Goins, nevertheless, is sufficient to go to the jury and to support the verdict as to both Martin and Goins.

The court properly submitted the case to the jury. *State v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728; *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411; *State v. Davis, supra;* and *State v. Stephens,* 244 N.C. 380, 90 S.E. 2d 431.

Evidence favorable to the defendant in conflict with that offered by the State is not considered on a motion to dismiss. *State v. Gay,* 251 N.C. 78, 110 S.E. 2d 458; *State v. Troutman,* 249 N.C. 395, 106 S.E. 2d 569. The assignments of error involving the admission of evidence and the judge's charge are not sustained.

In the trial and judgment in the Superior Court, we find

No error.