STATE OF NORTH CAROLINA v. EUGENE JESSIE WRIGHT

No. 7127SC763

(Filed 2 February 1972)

Automobiles § 127— drunken driving — sufficiency of evidence that defendant was the driver

In this prosecution for drunken driving, the State's evidence was sufficient to support a jury finding that defendant was the driver of an automobile where it tended to show that a police officer followed the automobile for some three blocks, that the officer "was right on the bumper of the car" when he pulled it over, that the officer stopped his vehicle about 10 feet behind the automobile, that as the officer approached the automobile defendant got out of it on the driver's side and another person got out on the passenger's side, and that the officer did not see any change of drivers after the automobile stopped as defendant's evidence tended to show.

APPEAL by defendant from *Thornburg, Judge,* 23 August 1971 Session of Superior Court held in CLEVELAND County.

Criminal prosecution for driving a motor vehicle upon a highway within this State while under the influence of intoxicating liquor, a violation of G.S. 20-138. After trial and sentence in the district court, defendant appealed and was tried *de novo* in the superior court. Plea: not guilty.

The State presented the testimony of a police officer of the City of Kings Mountain, who testified: He had known defendant for some eight years. About 1:30 a.m. on 21 January 1971 he observed a Chevrolet automobile heading north on N. C. State Highway 216, commonly called Piedmont Avenue, in Kings Mountain, N. C. He followed this car for some three blocks and the car crossed the white line three or four times.

At one time it was right in the middle of the road. The officer stopped the car, and was "right on the bumper of the car" when he pulled it over. The officer's car was about ten feet from the Chevrolet and directly behind it. The officer walked up to the Chevrolet, and as he did so defendant got out on the left-hand side, the driver's side, of the car and met the officer about halfway between the Chevrolet and the officer's car. Larry Hord, owner of the Chevrolet, got out of the right-hand side, which is the passenger side, of the car. Defendant had the odor of alcohol on his breath, his speech was incoherent, and he was very belligerent. In the officer's opinion, defendant was under the influence of intoxicating liquor. Defendant was placed under arrest and taken to the police station, where he voluntarily took the breathalyzer test. The test reading was .24 percent of alcohol in the blood.

Defendant testified and denied that he had driven the car on the night he was arrested. He testified: "Larry Hord was driving the automobile and we stopped and we switched. . . . On this occasion both of us had been drinking all day and half that night. He was about as drunk as I was, close to it."

Larry Hord, presented as a witness by defendant, testified that he, not the defendant, drove his car; that when the police car pulled its blue light and siren on, he stopped the car and "throwed it out of gear and jumped over and Gene got under the wheel." Hord testified that "[t]he reasons I changed drivers was because I had a pocket full of tickets." On cross-examination he testified that he and defendant "had been drinking quite a bit," that he was "so drunk I can't even remember where I was going," and that he was 5 feet and 11 inches tall and weighed 216 pounds.

In rebuttal, the officer testified that he did not see any change of drivers.

Verdict: guilty. From judgment imposing sentence, defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Assistant Attorney General William B. Ray for the State.*

*Fred A. Flowers for defendant appellant.*

State v. Wright

PARKER, Judge.

Appellant assigns error to the denial of his motion for judgment as of nonsuit. He admits that while riding in an automobile being driven on a public highway he was intoxicated, but contends that the evidence was insufficient to support a jury finding he was driving. There is no merit in this contention.

"When a motion is made for a judgment of nonsuit or for a directed verdict of not guilty, the trial judge must determine whether there is substantial evidence of every essential element of the offense. In so far as the duty of the judge is concerned, it is immaterial whether the evidence is direct, circumstantial, or a combination of both. If it is substantial as to all essential elements of the offense, it is the duty of the judge to submit the case to the jury." *State v. Davis,* 246 N.C. 73, 97 S.E. 2d 444. While the State's evidence tending to show that defendant was the driver in this case was circumstantial, it was clearly such as would reasonably lead to that conclusion as a fairly logical and legitimate deduction, and was, in our opinion, stronger than the evidence which was held sufficient in *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411. Since there was here substantial evidence of every material element of the offense with which defendant was charged, the case was properly submitted to the jury.

We have reviewed appellant's remaining assignments of error, which relate to the court's charge to the jury, and error sufficiently prejudicial to require a new trial does not appear. All of appellant's assignments of error are overruled.

No error.

Judges CAMPBELL and MORRIS concur.