STATE OF NORTH CAROLINA v. JOHN STEVEN BAULER
AND DANIEL ROBERT EVERETT

No. 722SC528

(Filed 2 August 1972)

**Narcotics § 4— insufficiency of evidence to withstand motion for directed verdict**

Defendants' motion for directed verdict in a prosecution for possession of marijuana should have been granted where the evidence, taken in the light most favorable to the State, tended to show that a deputy sheriff watched defendants run back and forth between rooms when a policeman knocked on the door of their apartment and the deputy saw a plastic bag, which contained heroin, come "floating down" from the apartment window, though he did not see either of the defendants throw or have in his possession the plastic bag.

APPEAL by defendants from *Cohoon, Judge,* 10 January 1972 Session of Superior Court held in WASHINGTON County.

Defendants were tried under the North Carolina Narcotic Drug Act, Chapter 90, Article 5 of the General Statutes, which was repealed effective 1 January 1972 but which was in full force and effect on the date of the alleged violation thereof. An addendum to the record reveals that each defendant was first tried on a warrant in the district court, and from the verdict and judgment entered, each defendant appealed to the superior court where the trial was *de novo.*

In superior court, they were tried on separate bills of indictment, each reading as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRE-SENT, That (name) late of the County of Washington, on the 21st day of October, 1971, with force and arms at and in the County aforesaid did unlawfully and willfully possess and have under his control a narcotic drug in violation of the Uniform Narcotic Drug Act; the drug in question consisted of .55 grams of marijuana, against the form of the Statute in such case made and provided and against the peace and dignity of the State."

Without objection, the cases were consolidated for trial. Both defendants pleaded not guilty in superior court but were found guilty as charged by the jury. From judgments of imprisonment, both defendants appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Assistant Attorney General Icenhour for the State.*

*Norman, Rodman, Hutchins and Romanet by R. W. Hutchins for defendant appellants.*

MALLARD, Chief Judge.

Defendants, who are represented by the same attorney, were sentenced on 12 January 1972. The record on appeal was not filed in this court until 18 May 1972. This was after the period of ninety days had elapsed from the date of the judgment appealed from. Rule 5 of the Rules of Practice in the Court of Appeals requires that the appeal be docketed "within ninety days after the date of the judgment . . . appealed from . . . provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days, for docketing the record on appeal." No extension of time for docketing appears in this record; therefore, inasmuch as the record on appeal was not docketed within the time prescribed by the rules, the appeal should be dismissed. However, we do not dismiss the appeal but consider it on its merits.

The evidence for the State tended to show that on 21 October 1971 about 8:00 p.m., F. M. Woodley of the Plymouth Police Department and Robert Sawyer, a deputy sheriff in Washington County, went to an upstairs garage apartment located at 704½ Washington Street in Plymouth. The officers had gone to this address to deliver an urgent message to a boy named Bobby. While there, the police officer went to the door and knocked while the deputy sheriff remained in the car. The deputy sheriff could see the upstairs apartment which was "lit up" and contained two windows, and he saw four men in the apartment. When the police officer knocked on the door, these men jumped up and began moving around and one came downstairs. The deputy sheriff saw the remaining three men run into the other room, come back into the room with the double windows and immediately thereafter run back; and he identified the men as defendants Everett, Biggs and Bauler. He then saw a plastic bag come "floating down" from the window. No one saw either of these defendants throw or have in his possession the plastic bag which contained marijuana.

At the close of all the evidence, the defendants moved for a directed verdict of not guilty which was denied.

"Upon a motion for judgment as of nonsuit or for a directed verdict at the close of the State's evidence, and renewed by the defendant after the introduction of his own evidence, all the evidence upon the whole record tending to sustain a conviction will be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. (Citations omitted.)" *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169 (1965). See also, *State v. Davis,* 246 N.C. 73, 97 S.E. 2d 444 (1957) and *State v. Gay,* 224 N.C. 141, 29 S.E. 2d 458 (1944).

After careful consideration of all the evidence in this case, we conclude that the evidence against these two defendants (the case of the defendant Biggs is not before us) is insufficient to sustain the verdict rendered in the superior court. Therefore, the judgment entered in the superior court is reversed.

Reversed.

Judges CAMPBELL and BRITT concur.