## STATE v. ANDREW JACKSON.

*Larceny—Exceptions to Charge—Expression of Opinion by Trial Judge, what is not—Unsworn Statement of By-standers.*

1. On the trial of one charged with larceny of pigs there was some evidence that they were not the property of S., as charged in the bill, and the Court charged, at the request of defendant, that the jury must be satisfied beyond a reasonable doubt that the pigs belonged to S., and in that connection the Court said, among other things, "the Solicitor has proved by the testimony of S. and J. that the pigs were the property of S.": *Held*, that the latter part of the charge, if construed in connection with the whole case, meant only that it was "in proof for the State by the testimony" of such witnesses, etc., and was not likely to be misunderstood by the jury as a declaration by the Court that the State had proved the ownership to be in S.

2. During the argument of a motion for continuance of a case in the presence, but prior to the impaneling, of the jury, a by-stander remarked in open court that the prisoner's wife said she would not come to the trial because she would only help get her husband in jail: *Held*, that this was not ground for exception, as it did not

occur on the trial, and if it had the remark was not admitted as evidence, and being an unsworn statement it could not have been deemed to bias the jury against the sworn testimony placed before them.

3. A mere omission to charge is not error unless a prayer for instruction is made.

MOTION to re-instate appeal. (See *State* v. *Jackson, supra,* page 849).

*The Attorney General,* for the State.
*Messrs. S. C. Bragaw* and *R. B. Nixon,* for petitioner.

CLARK, J.: This was a motion to re-instate this appeal dismissed heretofore at this Term. By consent the case was argued on its merits as well as on the motion, in order to avoid the possible necessity, if the motion were granted, of counsel returning here for another argument. We do not find it necessary to pass upon the other points, since if the motion were granted there is no merit in the grounds of the appeal itself. The appellant was defended by two able counsel below and was convicted by a jury, to which he raised no objection, of the larceny of some pigs. There was some evidence tending to show that the pigs did not belong to Sam Powell, in whom the property was laid, but to his mother. The Court gave a prayer for instruction asked by the defendant, that the jury must be satisfied beyond a reasonable doubt that the pigs were the property of Sam Powell at the time they were stolen. In this connection the Court charged, among other things, that "the Solicitor had proved by the testimony of Sam Powell and Junius Vincent that the pigs were the property of Sam Powell." This language was not guarded, but it was used in relation to the prayer, and if construed in connection with the whole case means really no more than that it was

"in proof for the State by the testimony" of those two witnesses, etc.   The real gist of the case is not the title to the pigs, but the larceny of them by the defendant, which is not seriously controverted by the appeal nor by the evidence below.   We do not see that the remark of his Honor could have been misunderstood by the jury to be other than a mere recital of the fact that two witnesses had testified to the ownership of the pigs by Sam Powell.

The other exception is that before the jury was impaneled, but in their presence during the argument on a motion for a continuance, a by-stander stated in open court that the defendant's wife said she would not come because she would only help get her husband in jail.   This can be no ground for exception.   It was nothing that took place on the trial. If it had been still the remark was not admitted as evidence.   The granting or refusal of the continuance thereafter was a matter which rested in the discretion of the Judge.   *Banks* v. *Manufacturing Co.*, 108 N. C., 282.   If such remarks were ground for new trials all men present who might possibly become jurors would need be sent out of the court-house on the argument of preliminary motions. Remarks made by the Judge on such motions do not come within the prohibition of the statute.   *State* v. *Jacobs*, 106 N. C., 695, and cases there cited.   There is certainly no statute giving such effect to the unsworn remark of a by-stander (even had it been made during the trial) that it shall be deemed to bias the jury against the sworn testimony placed before them.   There is a presumption of law that jurors are men of sufficient intelligence to understand that their verdicts must be based solely upon the evidence adduced on the trial and the law laid down by the Court.

As to appellant's complaint that the Court did not instruct the jury as to the positions taken in argument by his counsel it is settled that a mere omission to charge is not error

unless a prayer is asked.  *Boon* v. *Murphy*, 108 N. C., 187, and numerous cases cited in Clark's Code (2d edition), page 382.

Motion denied and judgment                    Affirmed.