80 S.E.2d 670 (1954)
239 N.C. 604
STATE
v.
SPENCER.
No. 220.
Supreme Court of North Carolina.
March 17, 1954.
*672 Harry McMullan, Atty. Gen., and Ralph Moody, Asst. Atty. Gen., for the State.
Doffermyre & Stewart, Dunn, for defendant, appellant.
PARKER, Justice.
The defendant assigns as error the consolidation for trial of the two bills of indictment. This Court said in State v. Combs, 200 N.C. 671, 158 S.E. 252, 254: "The court is expressly authorized, by statute in this state to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others." G.S.N.C. § 15-152.
The three defendants were charged with participating in the same crime as principals. The State relied upon the same set of facts at the same place and time as against each defendant. The consolidation was proper. It prevented two trials involving the same facts. State v. Davis, 214 N C. 787, 1 S.E.2d 104 (consolidation for trial of three warrantseach warrant issued *673 against one defendantcharging each defendant as a principal with the unlawful possession and transportation of intoxicating liquor); State v. Jackson (State v. Blackwell) 226 N.C. 760, 40 S.E.2d 417 (consolidation for trial of three separate indictments against three defendants relating to one felonious assault).
The appellant in his brief in respect to the above assignment of error cites only an excerpt from State v. Norton, 222 N.C. 418, 23 S.E.2d 301, which deals with the lower court's charge to the jury. In that case this Court held the consolidation for trial of the two indictments had statutory authority. G.S.N.C. § 15-152.
The defendant's second assignment of error, based on his exception No. 2, is to the trial court's segregation of his witnesses. Each defendant moved that the State's witnesses be segregated during the trial. The court allowed the motion. The solicitor for the State then moved that the defendants' witnesses be segregated. The defendants objected. Their counsel stated to the court, we do not know at this time whether we will have any witnesses or not; we might rely upon the weakness of the State's case; at this time, we do not know who our witnesses will be; we have only two under subpoena; we feel that it would be prejudicial to be forced to have any prospective witnesses called and sworn in the presence of the jury, until the State has rested. The court said it would not permit any witnesses to testify in the case who were present in court after the evidence began, and directed the defendants to call their witnesses and have them sworn. Whereupon several were swornone of whom was Annie Lee Hodges. Each defendant objected and excepted.
The defendant in his brief combined his second assignment of error with his ninth assignment of error, based on his exception No. 17. His exception No. 17 is based on these facts. One afternoon during the trial immediately after the judge had left the courtroom, and while the jury was in the jury box, Annie Lee Hodges came into the bar, and in a loud tone of voice said to Mr. Doffermyre, one of the defendant's counsel, "I told Mr. Hooks (solicitor for the State) I don't know anything about this case. If you put me on the stand, you will be sorry." The next day when court convened counsel for defendant, in the absence of the jury, brought this to the attention of the judge by the testimony of the Clerk of the Court. Then Mr. Doffermyre stated to the judge that he had never seen Annie Lee Hodges before. Whereupon the defendants, and each of them, moved that a juror be withdrawn and a mistrial ordered.
The judge then ordered the jury to be brought into the courtroom. The judge inquired if any of the jury heard what Annie Lee Hodges said to Mr. Doffermyre. One juror replied he heard a girl he did not know, inquire of Mr. Doffermyre why she was sworn as a witness, and say "you had better not put me on the stand," and that was all he heard.
Another juror by the name of Tudor replied he heard the same thing, and heard her say she told Mr. Hooks she knew nothing about the trial, and didn't know why she was called. The judge then asked Tudor did he consider that would affect his consideration of the case. Tudor replied it might have some bearing on it; of course, I haven't heard all the evidence. The judge said that is not evidence. Tudor replied, I realize that. The judge: do you consider that would prejudice you in any way against either of the defendants? Tudor: well, I can't help from feeling it would have some bearing; if there was some doubt in my mind, that would add to it. The juror Tudor then stated in response to questions by the judge that he could sit in the jury box, and hear the evidence in the case and the charge of the court, and return a verdict uninfluenced by anything he had heard, except the evidence and the charge. The judge then stated: "Gentlemen, the Court holds the juror is impartial." The court denied the motion to withdraw a juror, and order a new trial. The defendants, and each of them, excepted.
The defendant contends that the manner in which his witnesses were segregated, the *674 words of Annie Lee Hodges before the jury, and the judge's interrogations of the jurors as to the language of Annie Lee Hodges were highly prejudicial. And further that the other ten members of the jury were not given an opportunity to say whether they heard the remarks of Annie Lee Hodges, and if so, were they influenced thereby.
This jurisdiction, and the great majority of jurisdictions, follow the early English rule that the segregation, separation, exclusion of witnesses, or "putting witnesses under the rule," as the procedure is variously termed, is a matter not of right, but of discretion on the part of the trial judge. The exercise of such discretion is not reviewable, except in cases of abuse of his discretion. State v. J. H. Hodge, 142 N.C. 676, 55 S.E. 791; State v. Lowry, 170 N.C. 730, 87 S.E. 62; Lee v. Thornton, 174 N.C. 288, 93 S.E. 788; 53 Am.Jur., Trial, Sec. 31. The State moved "to put the defendants' witnesses under the rule" only after the court had granted a similar motion of the defendants to exclude the State's witnesses. No abuse of the trial judge's discretion appears.
The evidence in the Record does not bear out the defendant's contention that the other ten members of the jury were not given an opportunity by the court to say whether they heard the remarks of Annie Lee Hodges, and if so, were they influenced by them. The judge asked the jury twice, if any of them had heard the words of Annie Lee Hodges. Only two said they had. The other ten could have spoken up in response to the two questions, if they had heard her remarks.
The juror Tudor stated to the court that he could hear the evidence and the charge of the court, and return a verdict uninfluenced by anything he had heard except the evidence and the charge. That suffices to support the court's finding that Tudor was impartial or indifferent. State v. DeGraffenreid, 224 N.C. 517, 31 S.E.2d 523; State v. Foster, 172 N.C. 960, 90 S.E. 785; State v. English, 164 N.C. 497, 80 S.E. 72; State v. Banner, 149 N.C. 519, 63 S.E. 84.
G.S.N.C. § 9-14 provides that the judge "shall decide all questions as to the competency of jurors", and his rulings thereon are not subject to review on appeal, unless accompanied by some imputed error of law. The ruling in respect of the impartiality of the juror Tudor presents no reviewable question of law. State v. DeGraffenreid, supra; State v. Bailey, 179 N.C. 724, 102 S.E. 406; State v. Bohanon, 142 N.C. 695, 55 S.E. 797.
According to the Record only one other juror spoke up. He stated he heard a girl he didn't know inquire of Mr. Doffermyre why she was sworn as a witness, and say he had better not put her on the stand. It would seem that the hearing of such remark was not prejudicial. Upon the evidence in the Record sufficient facts were not shown to withdraw a juror, and order a mistrial in this capital case. State v. Crocker, 239 N.C. 446, 80 S.E.2d 243; State v. Suddreth, 230 N.C. 239, 52 S.E.2d 924; State v. Hart, 226 N.C. 200, 37 S.E.2d 487; State v. Hawkins, 214 N.C. 326, 199 S.E. 284; State v. Plyler, 153 N.C. 630, 69 S.E. 269; State v. Boggan, 133 N.C. 761, 46 S.E. 111; State v. Kinsauls, 126 N.C. 1095, 36 S.E. 31; State v. Brittain, 89 N.C. 481. See also State v. Burton, 172 N.C. 939, 90 S.E. 561 (trial for second degree murder; remark to jury by officer having them in charge that the judge would keep them until Sunday, though authorized by judge, held not reversible error); State v. Jackson, 112 N.C. 851, 17 S.E. 149 (indictment for larceny; before jury impaneled, but in their presence, a bystander remarked in open court that the defendant's wife said she would not come because she would only help get her husband in jail. This Court said "this can be no ground for exception.").
The defendant's assignments of errors Nos. Two and Nine are overruled.
The defendant's tenth assignment of error is to the refusal of the court *675 to grant his motion for judgment of nonsuit made at the close of the evidence. The State offered evidence tending to show that the defendant Bobby Spencer had had an altercation with the deceased; that he and his two codefendants left the cafe, and returned together in about 30 minutes; that the defendant John Spencer was armed with a pistol; that the three defendants entered the cafe together and gathered around Thurman McNeill at the piccolo; and that the defendants Bobby Spencer and Lacy Murchison were physically and violently aiding and abetting the defendant John Spencer in the murder of Thurman McNeill. It is thoroughly established law in North Carolina that without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. State v. Jarrell, 141 N.C. 722, 53 S.E. 127; State v. Hart, 186 N.C. 582, 120 S.E. 345; State v. Beal, 199 N.C. 278, 154 S.E. 604; State v. Donnell, 202 N.C. 782, 164 S.E. 352; State v. Gosnell, 208 N.C. 401, 181 S.E. 323; State v. Brooks, 228 N.C. 68, 44 S.E.2d 482; State v. Church, 231 N.C. 39, 55 S.E.2d 792. The court was correct in overruling the motion for judgment of nonsuit.
The defendant assigns as error the court's definition of malice in its charge. In defining malice the court used the same words that Stacy, C. J., did in defining malice in State v. Benson, 183 N.C. 795, 111 S.E. 869words that have been cited by us many times since with approval. This assignment of error is without merit.
The defendant assigns as error that the court charged the jury "you may convict all, or you may acquit all, or you may convict one or more and acquit the others, or you may acquit one or more, and convict one or more, etc." The contention being that the court charged the jury that the State contended that the three defendants entered into a conspiracy to murder Thurman McNeill, and that in the execution of the conspiracy all three defendants gathered around the deceased and Lacy Murchison and Bobby Spencer aided and abetted John Spencer in murdering Thurman McNeill, and that "any instruction other than all defendants must either be found guilty or all not guilty was error." The defendant cites one authority in his brief in support of his argument: State v. Brown, 204 N.C. 392, 168 S.E. 532, which case does not support his contention.
The court in addition to charging in respect to a conspiracy, also charged the jury correctly and at length as to the principle of law that when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. The defendants were not on trial for conspiracy: they were on trial for murder. The court's charge in respect to a conspiracy in this case is free from reversible error. State v. Donnell, supra. Without regard to any previous confederation or design when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. To illustrate: if the jury had found beyond a reasonable doubt that John Spencer was guilty of the murder of Thurman McNeill, and if the jury had had a reasonable doubt that Lacy Murchison and Bobby Spencer were guilty of aiding and abetting John Spencer in the murder of Thurman McNeill, it would have been their duty under those circumstances to convict John Spencer and acquit Lacy Murchison and Bobby Spencer. This assignment of error is overruled. See State v. Ford, 175 N.C. 797, at page 804, 95 S.E. 154.
We have examined the defendant's other assignments of error, and find them without merit.
The case was fairly and ably tried by the experienced judge below, and we find it free from error. The last words spoken by the judge to the jury in his charge were that the jurors were to banish from their minds as completely as if it had never taken place what Annie Lee Hodges said to Mr. Doffermyre, and that their verdict was to be based solely upon the evidence they had heard and the charge of the court. The *676 defendant must abide by the verdict and judgment imposed thereon. From the evidence in the Record it would seem that the jury could have returned a verdict for the capital charge.
No error.