STATE OF NORTH CAROLINA v. M. L. MITCHELL, DENNIS
MITCHELL AND RONALD BROWN

No. 733SC712

(Filed 9 January 1974)

1. Criminal Law § 113— joint trial — reading of only one indictment in instructions

In a joint trial of three defendants for common law robbery, the right of defendants to have their guilt or innocence determined separately was not violated when the court read only one indictment to the jury and instructed them that each of the three defendants was charged in an identical bill where in the remainder of the charge the court went to great lengths to separate each instruction as to each defendant.

2. Criminal Law § 102— remark by solicitor — failure to declare mistrial

The trial court did not err in failing to declare a mistrial following the court's instruction to the solicitor not to "say anything which would tend to prompt the witness as to what he said or to be noticeable to the jury" where the record does not show what remark the solicitor made or that defendant objected to any remark or made a motion for mistrial.

3. Criminal Law § 169— failure of record to show excluded testimony

The exclusion of testimony cannot be held prejudicial error where the record fails to show what the excluded testimony would have been.

APPEAL from Tillery, Judge, May 1973 Session of CRAVEN County Superior Court.

Defendants were charged in separate bills of indictment with the common law robbery of Thomas Mewborne. The charges were consolidated for trial, and defendants pled not guilty.

Thomas Mewborne, a taxi driver, testified that in response to a call, he picked up the three defendants, whom he had known for about three years. After Mewborne had turned on to a dirt road, defendant Brown grabbed him around the neck, defendant Dennis Mitchell grabbed his arm, and defendant M. L. Mitchell took his pouch containing $116. He identified defendants as his assailants in court.

Two deputies sheriff testified that they saw Thomas Mewborne on the evening of 16 March 1973 and that he had an injured arm and several facial injuries. Mewborne told the deputies that he had been robbed by the Mitchell boys and someone named Brown.

All three defendants took the stand and offered evidence of alibis. From judgment of conviction, defendants M. L. Mitchell and Dennis Mitchell appeal.

*Attorney General Morgan, by Associate Attorney Heidgerd, for the State.*

*Michael P. Flanagan for defendant appellants M. L. Mitchell and Dennis Mitchell.*

MORRIS, Judge.

[1]  Defendants assign error to the failure of the trial court in its instruction to the jury to read separately the bills of indictment with which each defendant was charged. It is their position that this constitutes a denial of their respective rights to have their trial conducted as though they were being tried alone. Viewing the instructions as a whole, we see no error.

It is true that the trial court read only one indictment to the jury instructing them that each of the three defendants was charged in an identical bill. However, in the remainder of the charge, the court went to great lengths to separate each instruction as to each defendant.

It is well established that, when two or more defendants are jointly charged with a crime, a charge which can be construed to mean that the jury must convict all if it finds one guilty constitutes reversible error. *State v. Tomblin,* 276 N.C. 273, 171 S.E. 2d 901 (1970) ; *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851 (1969) ; *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230 (1969). However, an error of this nature may be cured by a subsequent detailed instruction that the jury is to consider the guilt of each defendant separately. *State v. Tomblin, supra.*

The erroneous instruction in *Tomblin, supra,* could be interpreted by a jury as meaning that they must convict all defendants if they found one guilty.

> "Now, members of the jury, on the charge of rape, the court charges you that if you are satisfied from the evidence and beyond a reasonable doubt that either one or all of these defendants had carnal knowledge, had sexual intercourse, forcibly and against the will of Carolyn Euart on this occasion, that is, if either of these or all of these had carnal knowledge of Carolyn Euart without her consent and against her will, she putting up as much resist-

ance as she could under the circumstances, the court charges you that it would be your duty to return a verdict of guilty of rape as charged in the bill of indictment, and that you may find either of them guilty of rape as charged in the bill of indictment, or you may find them guilty of rape with the recommendation of life imprisonment." Id. at 275.

The charge before us is less susceptible of the above interpretation than is the charge of *Tomblin*. If a subsequent, detailed instruction effectively cures the error in *Tomblin*, a fortiori, it is effective to cure the error—if any there be—in the failure to read separately the three indictments.

[2] Defendants next assign error to the failure of the court to direct a mistrial following the court's remark to the solicitor: "I would suggest that you gentlemen do not say anything which would tend to prompt the witness as to what he said or to be noticeable to the jury." The record reflects no objection to any remarks of the solicitor, nor does it reflect that the solicitor had made a remark—only that "something was said at the State's table"—, nor does it reflect any motion for mistrial by the defendants. In order to seek appellate review of conduct of adverse counsel, counsel must object to the conduct at the time of its occurrence. Even so, a new trial will not be granted for a mere technical error which could not have affected the result, but only for error which is prejudicial and amounts to a denial of a substantial right. *State v. Bass*, 280 N.C. 435, 186 S.E. 2d 384 (1972); *State v. Crump*, 280 N.C. 491, 186 S.E. 2d 369 (1972). Defendants have failed to show that they have been prejudiced.

[3] Defendants' final assignment of error is to the trial court's limiting of the cross-examination of the prosecuting witnesses. However, it does not appear of record what the excluded testimony on cross-examination would have been. Therefore, the propriety of the court's rulings will not be reviewed. *State v. Fletcher* and *State v. St. Arnold*, 279 N.C. 85, 181 S.E. 2d 405 (1971).

No error.

Judges BRITT and BALEY concur.