State v. Bennett

---

---

STATE OF NORTH CAROLINA v. MELVIN JEROME BENNETT

No. 745SC511

(Filed 7 August 1974)

1. Criminal Law § 98— sequestration of witnesses

 The trial court did not abuse its discretion in the denial of defendant's motion to sequester two accomplices who were witnesses for the State, and defendant was not prejudiced by the fact that several witnesses remained in the courtroom after the court subsequently ordered all witnesses removed.

2. Criminal Law § 169— exclusion of testimony not shown in record

 The exclusion of testimony cannot be held prejudicial error where the record does not show what the testimony would have been.

APPEAL from Cohoon, Judge, 10 December 1973 Session of NEW HANOVER County Superior Court. Heard in the Court of Appeals 19 June 1974.

Defendant was indicted along with Ervin Sneed, Jr., and Ronald Holmes for the attempted armed robbery of a store operated by Mrs. Annie Pearl Bennett. Defendant Bennett was tried separately, and prior to the calling of the first witness for the State, counsel for defendant Bennett moved that witnesses Sneed and Holmes be sequestered. The court denied the motion, but allowed a later motion, ruling that *all* witnesses be sequestered. Nevertheless, all witnesses for the State—with the exception of Sneed and Holmes—remained in the courtroom for the remainder of the testimony.

Lieutenant L. P. Hayes of the New Hanover County Sheriff's Department testified that he arrested defendant Bennett, and that he asked defendant whether a certain blue 1966 Chevrolet belonged to him. Bennett responded that it did. Counsel for defendant asked Lieutenant Hayes whether defendant had admitted his guilt after admitting that the car belonged to him. The objection of the State was sustained, and Lieutenant Hayes was not permitted to answer. The record does not reveal what the lieutenant's answer would have been, had he been permitted to answer.

The remaining testimony tended to show that Bennett had picked up Sneed and Holmes to give them a ride to school. He had suggested that they rob Mrs. Bennett's store, and he had provided the gun for the robbery. Bennett drove his cofelons to the scene of the robbery, but said that he would remain in the car—a blue 1966 Chevrolet with a series of spots on the side—since Mrs. Bennett knew him. Sneed and Holmes thereupon entered the store, told Mrs. Bennett "this is a holdup", and threatened her with the pistol; Mrs. Bennett stated, "I'm not scared of that. I have protection." She then called her son in the backyard of the store who chased the robbers as they fled to the getaway car.

Joe Bennett, son of Annie Pearl Bennett, testified that he chased the robbers as they left the store in a 1966 Chevrolet with a series of spots on one side. He had not previously known Melvin Bennett, but later, on the day of the robbery, he observed Melvin Bennett in the same car parked in a driveway. At the close of all the evidence, counsel for defendant Bennett moved for a mistrial on the ground that the witnesses had violated the court's order of exclusion. The motion was denied, and the jury returned a verdict of guilty. From judgment imposing a sentence of 25 to 30 years, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Cole, for the State.*

*Thomas I. Benton for defendant appellant.*

MORRIS, Judge.

**[1]** We are unable to sustain defendant's assignment of error to the denial of the motion to sequester witnesses and to the denial of motion for mistrial grounded upon apparent non-compliance with the order to sequester that was ultimately entered. This jurisdiction has long followed the rule that segregation, separation, or exclusion of witnesses is not a matter of right, but of discretion on the part of the trial judge. The exercise of such discretion is reviewable only in cases where the discretion has been abused. *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670 (1954). In *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970), the Supreme Court held that the trial court does not abuse its discretion in denial of defendant's motion to sequester witnesses where the record discloses no reason for sequestration. Counsel for defendant stated at trial that he wished to have witnesses Sneed and Holmes sequestered so that they could not confer about the case. We fail to discern, however, that there has been an abuse of discretion or that an adequate reason for sequestration was presented to the court. Nor do we discern prejudice in the fact that several witnesses remained in the courtroom after the court ordered all witnesses removed. It does not appear that counsel made any objection to their presence until the conclusion of the State's rebuttal evidence.

**[2]** Likewise, we are unable to sustain the assignment of error to the exclusion of a statement allegedly made by defendant to Lieutenant Hayes. The record does not reflect what the answer of Lieutenant Hayes would have been relative to this statement. Thus, we are unable to determine whether defendant has been prejudiced by its exclusion, and this assignment of error is overruled. *State v. Mitchell,* 20 N.C. App. 437, 201 S.E. 2d 720 (1974).

No error.

Judges BRITT and BALEY concur.