STATE OF NORTH CAROLINA v. OTIS LEE GREEN

No. 7418SC599

(Filed 18 September 1974)

1. **Criminal Law § 98— sequestration of witnesses — discretionary matter**
   The decision to sequester witnesses rests in the discretion of the trial judge and is not reviewable in the absence of showing of an abuse of discretion.

2. **Arrest and Bail § 3— arrest without warrant — permissible circumstances**
   A peace officer may arrest without a warrant when he has reasonable ground to believe that the person to be arrested has committed a felony or a misdemeanor in his presence or when he has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. G.S. 15-41.

3. **Arrest and Bail § 3— arrest without warrant — felony committed in officers' presence — evasion of arrest**
   Officers had reasonable ground to believe that defendant and his companions were committing the felony of possession of heroin in the presence of the officers and had reasonable ground to believe that the subjects had committed a felony and would evade arrest by disposing of the heroin if not immediately taken into custody where officers were told by an informant, who had given reliable information in the past, that defendant and two others were at a named location in possession of a large quantity of heroin which they were preparing for street sale, the officers went to the vicinity where they found a car belonging to the wife of one of defendant's companions, the car was parked in front of a residence where defendant could likely be

State v. Green

found, one of the officers went to procure a warrant at that time, and defendant and his companions emerged from the residence and started to drive away.

APPEAL by defendant from *Long, Judge,* 4 February 1974 Session of Superior Court held in GUILFORD County. Heard in the Court of Appeals 26 August 1974.

Defendant was charged in a bill of indictment, proper in form, with possession of a controlled substance, heroin.

The State's evidence tended to show the following: On 10 September 1973, Greensboro Police Officers Daughtry and McMillan were on duty as a team with the Narcotics Division of the Greensboro Police Department. At approximately 8:00 p.m. they received a telephone call from an informant who stated that Otis Lee Green (defendant), Stanley Gray Smith and George Phillip Arrington had just returned from Durham, North Carolina, with a large quantity of heroin; that just prior to calling the officers, the informant had personally seen the three at the address of 605 Watson Street, Greensboro, North Carolina, where they were cutting the heroin and packaging it for street sale. Officers Daughtry and McMillan immediately drove to 605 Watson Street and established surveillance of the residence at that address by 8:20 p.m. The two officers knew Stanley Gray Smith; knew that Smith married the granddaughter of Mrs. Marie Cobb; and knew that Mrs. Marie Cobb lived at 605 Watson Street. The officers observed a white 1973 Grand Prix Pontiac with license plate CSD-384 parked at 605 Watson Street. They had previously checked the registration on this white Pontiac and knew that it was registered in the name of Jeanette Arrington, the wife of George Phillip Arrington. After making these observations, the officers, by police radio, requested assistance. Detective Tolbert came to the scene, and Patrolmen Henline and Smith also came to the scene. Officer McMillan was dispatched to secure a search warrant for the premises at 605 Watson Street. Detective Tolbert and Officer Daughtry stationed their vehicle at one end of the block on Watson Street, while Patrolmen Henline and Smith stationed their vehicle at the other end of the block. At approximately 9:10 p.m. Officer Daughtry observed Otis Lee Green (defendant), Stanley Gray Smith and George Phillip Arrington leave the house (605 Watson Street) and get into the white 1973 Grand Prix Pontiac. Arrington got in the driver's seat; Smith got in the passenger seat in the right front; and Green (defend-

ant) got in the right rear passenger seat. Officer Daughtry notified Patrolmen Henline and Smith, by police radio, that the Pontiac was leaving and that Officers Daughtry and Tolbert were going to stop it. As the white Pontiac approached Officers Daughtry and Tolbert, Tolbert drove his vehicle into the intersection and blocked Watson Street. As Officer Daughtry got out of the police vehicle and walked toward the white Pontiac, it began backing along Watson Street. Patrolmen Henline and Smith then blocked the street to the rear of the Pontiac with their police cruiser. Officer Daughtry approached the white Pontiac and advised the occupants that he had reasonable grounds to believe they had narcotic drugs in the vehicle and on their persons. The four officers then approached the white Pontiac, placed the occupants under arrest and removed them from the vehicle one by one. As the occupants of the front seat were getting out, Defendant Green, who was sitting in the back seat, dropped two cigarette packages out the window. One of the cigarette packages was a Winston cigarette package containing forty-five bags of white powder, which was later analyzed as heroin. The officers searched Defendant Green and found on his person four needles, a syringe, and a metal bottle cap which contained a residue of heroin.

Defendant offered evidence which tended to show that he had no narcotics in the car; that he did not drop narcotics out of the car; and that he did not have needles, a syringe, or a bottle cap on his person.

The jury found defendant guilty as charged.

*Attorney General Carson, by Deputy Attorney General Vanore, for the State.*

*Eighteenth District Assistant Public Defender Dowda, for the defendant.*

BROCK, Chief Judge.

[1] Defendant assigns as error the refusal of the trial judge to grant his motion to sequester the State's witnesses. It has long been the rule in this jurisdiction that the decision to sequester witnesses rests in the discretion of the trial judge and is not reviewable in the absence of showing an abuse of discretion. *State v. Spencer*, 239 N.C. 604, 80 S.E. 2d 670. Defendant has failed to show an abuse of discretion, and we see none.

State v. Green

Defendant assigns as error the denial of his motion to suppress the evidence. He argues that the arrest and search were unlawful because the arrest and search were effected without a warrant and that the officers did not have reasonable grounds for arrest without a warrant.

[2]   A peace officer may arrest without a warrant when he has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence. Also a peace officer may arrest without a warrant when he has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. G.S. 15-41. In this case it seems that the arrest without a warrant was justified under either of the above theories.

[3]   Officer Daughtry was told by an informant, who had given him reliable information in the past, that Green (defendant), Smith and Arrington had a large quantity of heroin at 605 Watson Street and, at that time, were preparing it for street sale. The officers went immediately to the vicinity of 605 Watson Street and there observed an automobile which they knew belonged to Arrington's wife. It was parked in front of a residence where Green could likely be found. Having verified the informant's description to this extent, one of the officers went to procure a search warrant. When the same three subjects described by the informant emerged from the residence at 605 Watson Street and started to drive away, the officers had reasonable ground to believe they were committing the felony of possession of heroin in the presence of the officers. The officers also had reasonable ground to believe the subjects had committed a felony and would evade arrest by disposing of the heroin if not immediately taken into custody. Defendant's motion to suppress was properly denied.

Defendant undertakes to group under one assignment of error all his exceptions to the rulings of the trial judge upon the admission and exclusion of evidence. Each of these presents different rules of evidence for consideration and is not properly grouped under one assignment of error. Nevertheless we have followed defendant's exceptions as best we can and conclude that his arguments are without merit.

Defendant's remaining assignments of error are to the instructions given to the jury by the trial judge. We have

reviewed each of these and find them to be without merit. In our opinion, the case was submitted to the jury under applicable principles of law.

No error.

Judges MORRIS and MARTIN concur.